# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZIN KAJJY, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-cv-51-L(NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

Pending before the Court in this action for review of administrative decision is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Plaintiffs filed an opposition and Defendants replied. The matter is submitted on the briefs without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, Defendants' motion to dismiss is granted with leave to amend.

**I.	Background**

Plaintiffs Mazin Kajjy, Khalid Kachi and Majid Kachi own the Maddox Grocery and Liquor store in San Diego, California. The store was qualified to participate as a retailer in the Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the Food Stamp Program. By a final decision of the United States Department of Agriculture Food and Nutrition Service Supplemental Nutrition Assistance Program

1

("FNS"), it was permanently disqualified from participating. Plaintiffs seek judicial review of this decision.

On or about May 27, 2016, Plaintiffs received a letter[1] from the FNS charging them with trafficking under 7 C.F.R. §271.2. (Torres Decl. Ex. 1.) Plaintiffs were informed their store was subject to permanent disqualification from the SNAP pursuant to 7 C.F.R. § 278.6, if it was determined they committed the trafficking violations noted in the letter. (*Id.*) The letter attached a list of transactions from January through March 2016, which the FNS claimed constituted trafficking. Plaintiffs were informed of their right to reply and present any information, explanation, or evidence regarding the charges, and that, if they showed they met the criteria listed in 7 C.F.R. § 278.6(i), they could be eligible for a civil money penalty ("penalty" or "CMP") of $59,000 in lieu of permanent disqualification. One of the four criteria the store had to meet to be eligible for a penalty in lieu of disqualification was that it had developed, prior to the alleged violations, an effective policy to prevent them. 7 C.F.R. § 278.6(i)(1) (Criterion 1).

Plaintiffs replied to the charge letter with documentary evidence. On August 30, 2016, the FNS responded that, after considering Plaintiffs' reply, the FNS determined that they had committed the trafficking violations noted in the charging letter, were not eligible for a monetary penalty because they did not demonstrate that they had established and implemented an effective compliance policy and program to prevent SNAP violations, and were therefore permanently disqualified from the program. (Torres Decl. Ex. 2.) Plaintiffs were informed of their right to request administrative review.

Plaintiffs submitted a request for review together with additional evidence. On December 9, 2016, the FNS Administrative Review Branch issued a 36-page decision, including a detailed review of the evidence and legal analysis, sustaining the decision to deny Plaintiffs' request for a penalty and permanently disqualify their store from the

---

[1] The Court takes judicial notice of the letter and other documents which are referenced in the complaint. *See Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006).

program. (Torres Decl. Ex. 3.) The decision informed Plaintiffs of their right to seek judicial review.

Plaintiffs filed a complaint in this Court alleging violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"), the SNAP regulations, 7 C.F.R. § 278.6, and their due process rights under the United States Constitution, 42 U.S.C. § 1983. They seek reversal of the administrative decision and an order reinstating participation as SNAP retailers, or alternatively, an order imposing penalties in lieu of permanent disqualification. The gravamen of the complaint is that the FNS investigation was insufficient, the final decision lacks sufficient evidence of wrongdoing, the findings were arbitrary and capricious, and caused Plaintiffs to suffer irreparable harm. They also claim they did not receive adequate notice or opportunity to be heard.

Defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6).

## II. Discussion

### A. Defendants' Motion to Dismiss the First and Third Causes of Action under Rule 12(b)(1)

Defendants argue that the Court lacks jurisdiction over Plaintiffs' first cause of action for review of the FNS decision under the APA. Rule 12(b)(1) provides for dismissal if subject matter jurisdiction is lacking. Unlike State courts,

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts must satisfy themselves of jurisdiction over the subject matter before proceeding to the merits. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

The court must dismiss an action if subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *see also Hansen v. Dep't of Treasury*, 528 F.3d 597, 600 (9th Cir. 2007).

Under the doctrine of sovereign immunity, "[t]he United States, as a sovereign, is immune from suit, save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. A waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Quarty v. United States,* 170 F.3d 961, 972 (9th Cir. 1999) (internal ellipses, brackets, quotation marks and citations omitted).

The APA "waives sovereign immunity in suits seeking judicial review of agency actions where judicial review has not been expressly authorized by statute." *Brem-Air Disposal v. Cohen*, 156 F.3d 1002, 1004 n.3 (9th Cir. 1998) (internal quotation marks and citation omitted). Conversely, the APA precludes jurisdiction of federal courts "whenever Congress has provided another 'adequate remedy'." *Id.* at 1004, citing 5 U.S.C. § 704.

Defendants maintain that The Food and Nutrition Act, 7 U.S.C. §§ 2011 *et seq.* ("Act"), provides an adequate remedy, thus precluding review under the APA. The Act, provides for judicial review of FNS final administrative decisions:

> If the store . . . feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States . . . requesting the court to set aside such determination. [¶] The suit in the United States district court . . . shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue . . .. [¶] If the court determines that such administrative action is invalid, it shall enter such judgment or order as it determines is in accordance with the law and the evidence.

7 U.S.C. §2023(a)(13), (15) & (16).

Plaintiffs dispute that the Act provides an adequate remedy. Although they concede that de novo review of the final decision whether a violation occurred bars APA review, they argue that the sanction decision, *i.e.,* to permanently disqualify the store

4

rather than impose a monetary penalty, should be reviewed under the APA's arbitrary and capricious standard. (Opp'n at 11.)

Plaintiffs' argument is precluded by controlling authority. Judicial review of FNS final decision under 7 U.S.C. §2023 is bifurcated. *Wong v. United States,* 859 F.2d 129, 132 (9th Cir. 1988). The violation finding is reviewed de novo, and review of the sanction is governed by the arbitrary and capricious standard. *Id.* Accordingly, "[o]nce the district court finds that violations were committed, it may not overturn the sanction unless it finds that the sanction was arbitrary and capricious." *Id.* (citation omitted). Review of the sanction under the APA, as requested by Plaintiffs, would therefore duplicate the review afforded by the Act directly.

Because judicial review of Plaintiffs' claim is available under the Act, it is not available under the APA. *See Coos County Bd. of County Com'rs v. Kempthorne,* 531 F.3d 792, 810 (9th Cir. 2008). Defendants' motion to dismiss the first cause of action for review under the APA is granted. Plaintiffs' request for leave to amend to replace the APA claim with a claim for judicial review under the Act is also granted.

Next, Defendants move to dismiss the third cause of action for lack of jurisdiction. In the third cause of action Plaintiffs contend the FNS violated 7 C.F.R. § 278.6, when it determined Plaintiffs' store was ineligible for monetary penalties in lieu of permanent disqualification. Defendants argue that 7 C.F.R. § 278.6(n) is insufficient to waive sovereign immunity, and that judicial review is available solely as provided by the Act in 7 U.S.C. §2023.

The parties agree that the claim asserted in the third cause of action is subject to judicial review as provided in 7 U.S.C. §2023. Although Plaintiffs may state a claim for judicial review of FNS action, including FNS action under 7 C.F.R. § 278.6, the scope and standard of judicial review are defined in 7 U.S.C. §2023, as interpreted by controlling case law. *See, e.g., Wong,* 859 F.2d 129.

Accordingly, Defendants' motion to dismiss the third cause of action is granted. The dismissal is without prejudice. In their amended complaint for judicial review under

7 U.S.C. §2023, Plaintiffs may include a claim asserting their argument that, if the FNS trafficking determination is upheld, the decision to permanently disqualify rather than impose a monetary penalty should be reversed.

### B.  Defendants' Motion to Dismiss the Second and Fourth Causes of Action and the Individual Defendants under Rule 12(b)(6)

In the second cause of action Plaintiffs request injunctive relief because permanent disqualification caused them to lose revenue and customers. (Compl. at 9.) They claim that unless reinstated, they could be forced to close their store. Defendants move to dismiss for failure to state a claim under Rule 12(b)(6).

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041(9th Cir. 2010) (internal quotation marks and citation omitted). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Defendants argue the claim should be dismissed as unsupported by a cognizable legal theory. Plaintiffs seek injunctive relief pursuant to 7 U.S.C. § 2023(a)(17), which provides in pertinent part:

> During the pendency of . . . judicial review, . . . the administrative action under review shall be and remain in full force and effect, unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial . . ..

This provision, however, does not apply to permanent disqualification findings based on trafficking:

> *Notwithstanding any other provision of this subsection*, any permanent disqualification of a retail food store or wholesale food concern under paragraph (3) or (4) of section 2021(b) of this title shall be effective from the date of receipt of the notice of disqualification. . . .

7 U.S.C. § 2023(a)(18) (emphasis added); *see also* 7 C.F.R. § 279.7(d). Defendants' motion to dismiss the second cause of action is therefore granted.

Defendants further move to dismiss the fourth cause of action pursuant to 42 U.S.C. § 1983 for due process violations. Plaintiffs concede that they cannot state a claim under 42 U.S.C. § 1983 because they are not alleging that Defendants acted under the color of state law. They argue, however, that they can nevertheless state a claim for violation of their substantive and procedural due process rights under the Fifth Amendment of the United States Constitution.

Plaintiffs' argument is precluded by controlling authority. Participation in the SNAP program does not implicate a fundamental right. *Kim v. United States,* 121 F.3d 1269, 1273 (9th Cir. 1997). "Legislative acts that do not impinge on fundamental rights . . . are presumed valid, and this presumption is overcome only by a clear showing if arbitrariness and irrationality." *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1233 (9th Cir. 1994) (internal quotation marks and citation omitted). Under this standard, permanent disqualification of an innocent store owner who lacked an effective program or policy to prevent his employees from trafficking in food stamps was upheld. *Kim,* 121 F.3d at 1274.

Plaintiffs argue their substantive due process rights were violated because FSN "failed to consider sufficient evidence" in deciding to permanently disqualify the store rather than impose a monetary penalty. (Opp'n at 18.) They cite no authority in support of this argument, and do not show that the Act is arbitrary or irrational.

With respect to procedural due process, Plaintiffs contend that the 10-day period to provide their response to FSN charges did not allow them a meaningful opportunity to respond. (Opp'n at 18-19.) This argument is unavailing. Because the Act provides for

judicial review, including trial de novo, it does not violate procedural due process. *Kim,* 121 F.3d at 1274. Accordingly, Defendants' motion to dismiss the fourth cause of action alleging violation of constitutional due process rights is granted.

Finally, Plaintiffs concede that they cannot state any cause of action against individual Defendants. Accordingly, Defendants Kevin Concannon, Undersecretary for the Food, Nutrition and Consumer Services, Tom Vilsack, Secretary of the United States Department of Agriculture, and their respective successors are dismissed with prejudice.

### III. Order

For the foregoing reasons, Defendants' motion to dismiss is granted as follows:

1. All individual Defendants are dismissed with prejudice.

2. All claims asserted against the United States are dismissed with leave to amend.

3. Plaintiffs are granted leave to state a claim for judicial review under 7 U.S.C. §2023 as provided herein.

4. No later than February 20, 2018, Plaintiffs shall file and serve their amended complaint, if any.

5. Defendants shall file and serve their response, if any, to the amended complaint no later than the time provided on Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated: February 6, 2018

_____
Hon. M. James Lorenz
United States District Judge